IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JUAN BURGOS and KRISTI COLE )
)
v. ) NO. 3:15-1415
)
JBS CARRIERS, INC.; )
DOE DEFENDANTS A, B, C, D, E and F; )
and NATIONWIDE MUTUAL )
INSURANCE COMPANY )


**To: Honorable Todd J. Campbell, District Judge**


**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiffs' Motion for Leave to File Amended Complaint and Memorandum of Law in Support (the "Motion to Amend") (Docket No. 16). Defendant JBS Carriers, Inc. ("JBS") filed a response in opposition to Plaintiffs' Motion to Amend (Docket No. 17). For the reasons stated herein, the Magistrate Judge recommends that the Motion to Amend be GRANTED IN PART and DENIED IN PART.


**I. Background**

Plaintiffs seek leave to amend their Complaint to substitute originally named John Doe Defendants as follows: John Doe Defendant A with Gary MacDonnell, the driver of the motorized vehicle (which was a tractor trailer, commonly referred to as a "semi"); John Doe Defendant B with Paccar Financial Corp. ("Paccar"), the owner of the tractor; and, Wells Fargo Equipment Finance, Inc. ("Wells Fargo"), the owner of the trailer.

Plaintiffs' personal injury claims arise out of a motor vehicle incident alleged to have occurred on January 5, 2015. Generally, the allegations in the proposed Amended Complaint against Defendants JBS and its driver, Gary MacDonnell, are based on negligence, negligence *per se*, and vicarious liability. Docket No. 16-1 (the "Amended Complaint") at ¶¶ 34-35, 38-43. As to Paccar, Plaintiffs' Amended Complaint states, "Paccar is liable for the acts and omissions of JBS and MacDonnell *as the owner of the tractor*." Amended Complaint at ¶ 36 (emphasis added). Likewise, Plaintiffs allege that Wells Fargo is liable "for the acts and omissions of JBS and MacDonnell *as the owner of the trailer*." *Id*. at ¶ 37 (emphasis added). The Amended Complaint does not contain any other specific allegations of negligence against Paccar or Wells Fargo.

## II. Standard

Federal Rule Civil Procedure 15(a)[1] directs courts to "freely give leave [to amend complaints] when justice so requires." The United States Supreme Court has held that a motion for leave to amend should be liberally granted unless the motion is brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing party. *Foman v. Davis*, 317 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *See also Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006). The grant or denial of a request to amend a complaint is left to the broad discretion of the district court. *Gen. Electric Co. v. Sargent & Lundy*, 916. F.2d 1119, 1130 (6th Cir. 1990).

---

[1] Unless otherwise noted, all references to "Rules" are to the Federal Rules of Civil Procedure.

## III. Analysis

JSB's opposition to Plaintiffs' Motion to Amend is essentially that the proposed amendment to add Paccar and Wells Fargo would be futile because Plaintiffs' asserted claims against those parties, which are based solely on their ownership, respectively of the tractor and the trailer, are precluded by the Graves Amendment, which preempts any state-law claims.

The 2005 Graves Amendment to the Federal Transportation Equity Act provides, in pertinent part, as follows:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a) (the "Graves Amendment"). *See also Layton v. Russell*, No. 1:13-CV-325, 2014 WL 2949370, at *3 (W.D. Mich. June 30, 2014). The scope of the Graves Amendment would include both the tractor and the trailer in question, because the statute defines "motor vehicle" as "a vehicle driven or drawn by mechanical power and manufactured for use on public streets, roads, and highways, but does not include a vehicle operated only on a rail line." 49 U.S.C. § 30102(a)(7).

Although not expressly stated, there does not appear to be any dispute that Paccar and Wells Fargo are engaged in the trade or business of leasing motor vehicles. As a result, absent a showing of negligence or wrongdoing, any state statute or common law by which Paccar and Wells Fargo might otherwise be found to be liable for the injuries sustained by Plaintiffs is preempted

by the plain language of the Graves Amendment. As noted, Plaintiffs' proposed Amended Complaint does not contain any specific allegations of negligence or wrongdoing against Paccar or Wells Fargo. Because Plaintiffs' proposed amendments are barred by the Graves Amendment, the amendments would not survive a motion to dismiss. Under these circumstances, leave to amend to add Paccar and Wells Fargo would be improper because the proposed amendment would be futile. Plaintiffs' Motion to Amend to add Paccar and Wells Fargo must be therefore denied.

As to Plaintiffs' proposed amendment to add Gary MacDonnell, the Amended Complaint sufficiently alleges: (i) that Mr. MacDonnell was operating the semi involved in the collision giving rise to this action; (ii) that during that time, Mr. MacDonnell was a driver for JBS and was acting within the course and scope of his employment; and, (iii) that Mr. MacDonnell's actions and conduct were the direct and proximate cause of Plaintiffs' injuries. Amended Complaint, Docket No. 16-1 at ¶¶ 4, 12, 16-18, 20, 21-23, 26-27, 29, 32-36, 38, 40-41, 43, 45-48. The proposed amendment was timely filed and does not cause any undue delay. Nor is the amendment prejudicial to JBS. The amendment is not futile and the motion for leave to amend was not brought in bad faith. There is no basis to deny Plaintiffs' proposed amendment to add Gary MacDonnell as a named Defendant.

### III. Conclusion

Based on the foregoing, the Magistrate Judge respectfully recommends that Plaintiffs' Motion for Leave to File Amended Complaint be GRANTED as to the addition of Gary MacDonnell as a Defendant and DENIED as to the addition of Paccar and Wells Fargo as Defendants.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Judge. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 47 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any party opposing timely filed objections shall have fourteen (14) days from receipt of the filed objections in which to file any responses to said objections.

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

=